Good morning, your honors. May it please the court. Liza Rosado on behalf of Mr. Reverol-Rivera. Would you pull that mic a little closer to yourself, please? Yes. May it please the court. In this case, even though Mr. Reverol-Rivera shared the captain duties with his co-defendant, the court, the district court, applied the captain enhancement only to Mr. Reverol-Rivera. Mr. Reverol-Rivera believes his sentence should be vacated because the district court committed error when it applied said enhancement. Did your client in the plea agreement agree that he was the captain of the boat? Yes, he did, your honor. And so what is the error in the district court applying that agreement when he did the sentencing? Because the district court was informed by the government that the co-defendant was a co-captain, and the only reason that he didn't get basically a statement of facts saying that he was a co-captain was because he had a straight plea. But if he had been in the same position as Mr. Reverol-Rivera... Excepting the fact that your client was the person who put the case together, recruited the other man, and knew where the drop-off was supposed to be, etc. And he agreed that he was captain. Why isn't that enough? Because, your honor, those facts all came, apparently, from outside of the record. For example, recruiting the other co-defendant. The district court said that we think she got that from the sentencing of the other co-defendant. However, all of the documents related to the sentencing of the co-defendant are sealed. So we have no way to verify it. You don't challenge that aspect of the sentence that it was based on impermissible grounds, do you? I thought you just brought a disparity challenge. Well, it is encompassing your argument of procedural unreasonableness in the fact that she didn't give equal weight to the arguments made by the parties. Well, I understand that that's the disparity argument. I guess you don't separately challenge, I think, on this appeal, unless I missed it, maybe you do, that the judge separately erred because, regardless of whether there was a disparity, he relied on material that was outside the record to issue the sentence. Your honor is correct. Putting that aside, we have to take the case, assuming that that was legitimate to look at. And then the question is, what is unfair about the disparate treatment between the two actors, given that they had, according to the district judge, different levels of captaincy? Well, actually, the district court didn't even recognize that the other one had any of the duties of captain. Well, that makes it even less of a disparity. No, but, yes, but the thing is that what I'm trying to argue, not very, you know, instantly apparently, is that she had before her information that clearly said, especially by the government, which almost never happens, saying this guy, they shared the duties. There was no special skills. They were in the same boat. They shared the duties. Therefore, if you impose disenhancement as to Mr. Rivero only, it will create a disparity with the other co-defendant. And, your honors, we recognize that Mr. Rivero had somewhat more culpability. The record doesn't state specifically what kind of, you know, his involvement was. We recognize it. However, we do recognize that, which is why in the plea agreement, his sentence was always going to be higher than his co-defendant. But as to the extent of that disparity, that's, I believe, is our main issue here, because it is six years it was really unreasonable. Well, our cases seem to say pretty clearly that disparate treatment among or between the two defendants really isn't a basis for our reversing a sentence where one defendant gets a higher sentence than the other. And here, given the fact that the district court found that the other defendant was a minor participant, doesn't that make a real difference when we approach this case? Well, we also recognize that disparity, how can I put this better? The district court, she took into consideration the disparity issue. That minor role reduction she gave to the co-defendant, again, since it's sealed, we don't know the basis of it. However, within this case, we believe she had before her some facts that clearly said that they were not as different as to basically deserve that extent of disparity under sentences. The discretion that the court had, and certainly she, for example, took the time to evaluate, since she said so, the sentencing of the other co-defendant, facts we cannot verify. I think the government is in a better place to talk about that, since the prosecutor was the one present at the sentencing of the other co-defendant also. But the thing is that our argument of disparity is mainly focused on the extent of the months, because we always recognized that there was going to be a higher sentence for Mr. Rivero. But the Paris Agreement, and as the government also said, a 108-month sentence was appropriate, sufficient, but not greater than necessary for the characteristics of Mr. Rivero, a first-time offender. He had never been arrested. He cooperated extensively with the authorities. So I guess even recognizing that the district court had the discretion to say, no, there's no disparity between them, still we believe that she had before her information that clearly put them, I don't know how to say this, but in the same mood. You might have lent to that argument, but the district court makes it clear in the original plea colloquy that she did not have to follow the recommendations of the government or of the defendant, and that that's why the plea waiver doesn't bar your appeal here. So I'm having trouble discerning why this case is different from the run-of-the-mind cases where a district judge has simply decided that one of the defendants is more culpable than the other and deserves a different sentence. Well, but even if the district court decides that one is more culpable than the other, then we go into the reasonableness of the extent of the sentence. Yes, but the sentence is within the guideline, as I recall. Yes. It's not an upward departure. And so that makes it pretty difficult to say that that's an unreasonable sentence, doesn't it? I think it's, and in this case, the difference I see in this case is the fact that the government was also, if not the main defender of Mr. Rivero, saying, asking the court, do follow the recommendation of the parties because they share the duties. But you don't, well, there might have been an argument, I think, that given the government's preferred sentence, there should be an explanation about why they didn't accept, why the judge didn't accept the recommendation, but you don't challenge that, do you? Well, we do challenge. I thought you just brought a disparity challenge. Your argument is that there's a disparity. Are you also challenging that on this appeal, have you made an argument that the judge has to explain why he didn't accept the recommendation of the government? Well, we are challenging both procedural and substantive reasonableness, and we, for example, we said on our brief, you should have made the equal weight to the arguments brought forth by both parties. So I do think it is within our issues. We are, in a way, challenging the thought process of the district court. And the reason she gave to avoid following the recommendation was only those facts offered by the court defendant. My time is almost up. Is there any other questions?  Thank you. Thank you, Your Honors. Good morning. May it please the Court. My name is Tiffany Monrose, and I represent the United States. We ask that you affirm the judgment of the district court for the reasons set forth in our brief. Today I will present two points in support of our position. The district court properly applied a two-level enhancement to Reverell's sentence based on his role in the offense. At the change of plea hearing, the United States informed the district court that Reverell acted as captain on a vessel used to unlawfully import a controlled substance. Reverell acknowledged the recitation of the facts stated by the government was accurate at the change of plea hearing and also in the plea agreement. At sentencing, Reverell indicated that he shared responsibilities for steering the boat and that he could not claim a minor role in the offense. Although he argued that he was not an instigator or a leader in the crime, this court has upheld in the United States v. Rodriguez a two-level enhancement for a defendant who was charged with conspiracy to import controlled substances and attempt to import controlled substances because the predicate facts supported that reason, that application. In that case, the defendant intended to act as captain of a vessel used to import marijuana. Although that crime was not completed, the court still felt that the enhancement was appropriate because a defendant can be sentenced consistent with the way that a defendant could be sentenced if the substantive crime had been completed. And therefore, the United States believes that the district court did not earn applying the two-level enhancement to Reverell's sentence. I would like to go to the next issue in which the district court did not, the Reverell's sentence was reasonable and his sentence did not reflect a disregard for the disparity among defendants nationally. Pursuant to one of the basic mandates and overriding principles in 18 U.S.C. 3553A is that the district court should apply a sentence that's sufficient but not greater than necessary. And several things that they look at is the seriousness of the offense, the need to protect the community and deterrence. That pursuant to section 3553A6, the court has to avoid unwanted disparities and main focus. Well, I'll interrupt you just for a minute here. Below the government took the position that 108 months was the appropriate sentence because he and the other defendant were really similarly involved that they were co-captains of the vessel. Now here you're taking a different position than you took below and saying that, well, it was okay for what the district court did. Why should we look at what the district court did and say, under these circumstances, this sentence isn't appropriate? Well, I believe in this court's view, in this court's decision of United States v. Vasquez, a recent decision in May of 2014, the court said that the district court was not required to sort of equalize sentences between defendants. And in this case, the facts show that the defendants are not similarly situated. Although they shared some responsibilities, the government has stated at sentencing on both dates that Reverol was more culpable than his co-defendant. And in this case, Reverol at the last minute recruited his co-defendant Raymond Hernandez at the last minute. He drove him to the vessel, he knew the pickup spot for the drugs, and he essentially acted in a capacity that was not the same as Hernandez's capacity. And the government has always taken the position that he was more culpable and the defendant acknowledged it, the appellant acknowledged it in his brief that the government's position was that he was more culpable. I just want to clarify for the record that the appellant indicated that the government stated that there was a disparity. That was never mentioned at sentencing on December 5, 2012, or December, I believe, 17, 2012. We never mentioned the word disparity. We mentioned the word parity, but of course we recognize under this court's jurisprudence that the standard to avoid disparities is based on a national level, not among co-defendants, and that's consistent with this court's ruling. But that doesn't prevent a district court from considering those more localized disparities, though, right? Absolutely. And the district court in this case actually did consider the difference in the total offense of Hernandez versus the total offense for Reverell. And the court considered the fact that Hernandez sought and obtained a minor role reduction in this case. But you don't say that in this case if they were identically situated defendants that you could have a disparate sentence. We don't need to decide that if they were identically situated the sentence could be disparate and there would be no error, do we? I'm sorry, can you repeat the question? We don't have to decide here. You just said that only national disparities matter. Yes. That would suggest that a sentencing judge could take two identically situated defendants and give them disparate sentences and commit no error. That's exactly what happened in this case. We don't need to decide that in this case. No, you don't. And could you say why? Well, that was similar to the facts in United States versus Wogan, which is, I believe, a 1991 case, in which two defendants were, the court viewed, had the same extent of participation and involvement in the crime. They were both charged with conspiracy to distribute and possession with intent to distribute. And at one sentencing hearing, one defendant was found to have a lower total offense level, maybe assigned maybe 10 grams of heroin. And another defendant with the same set of facts was assigned a different set of, a different quantity of drugs. And this court held in that case that it was proper, the judge's sentence was reasonable and that this court did not see the need to equalize sentences among co-defendants, even in that case. Had one plead there? I'm sorry? Had one plead there? Both of the defendants pleaded. And this case, another distinction is that Revero negotiated a plea and Hernandez completed, it was a straight plea, so there were no facts that the government basically articulated in the same manner in which we articulated the facts in this case. And that's one of the distinctions that the court, I think, has made in other cases. And what's the other with respect to captaincy, with respect to the captaincy enhancement? Well, I think one of the things that the court looked at is that the defendant was the captain and the government's position was always that he had the ultimate responsibility of acting as captain on this vessel, whereas his co-defendant Hernandez was a co-pilot. And I don't know how many other duties a co-pilot, a co-captain would have versus a captain, but the government's position has always remained consistent in that Revero had, was more culpable and was ultimately responsible for being a captain in this vessel. And we would ask to affirm the decision of the district court for those reasons. I'm sorry? So let me tell you what my concern is. I don't necessarily think it's directly implicated in this appeal, but I do think it's embedded. And it goes to a point that Judge Barron was making to his sister counsel. We have tried very hard, I think, over the years to say that this court, in terms of its appellate jurisprudence, is not going to go with a presumption that within-guideline sentences are reasonable. And yet we have some cases, probably including some that I've written that say that the defendant bears a heavy burden to show that a within-guideline sentence is not reasonable. So my concern is whether we are sliding toward a presumption. Do you see anything like that in this case? Well, I would say that even in some of the, I think one of the cases that the appellant cited stated that a within-guideline sentence is reasonable. And I think that's consistent with the U.S. Supreme Court's decision in Gaul that a within-guideline sentence is considered reasonable. So when the government agrees to and argues for a 108-month sentence and then the court in a case like this adds almost a year and a half on to that, the fact that it's still within the guidelines doesn't necessarily, doesn't make it presumptively reasonable, does it? Or do you take the position that it does? Because we've tried to be clear that there is no presumption. Okay. Even if there wasn't a presumption, the court properly calculated Reverell's sentence. He had a base offense level of 36. Adding the enhancement and deducting acceptance of responsibility in the safety balance, he still would have arrived at a total offense level of 33. And the court indicated that it was attempting to impose a sentence that was sufficient. I guess what bothers me, but I'm not sure it's in the case, is if the government had not made the recommendation of the lower end and had just recommended the amount that was given and the judge then gave that amount, I could see why you'd say, it's within the guidelines, he follows all, therefore it's reasonable, no more. The thing that's odd is the government made a strong recommendation for a lower amount. The judge then gave the higher amount and doesn't explain why there's a difference between the amount he chose and that lower amount. And I guess the issue is, is there any obligation to explain that? If there is, is that in this case, or have appellants not made that challenge? No, the appellants have not made that challenge. And I just want to focus on the government's calculation in the plea agreement doesn't take into account the enhancement. And under the government's recommendation, they, under their calculation, the lower end of the recommendation would be 108 after you apply the safety valve deduction. Under the court's analysis, calculation of the sentencing guidelines, it's between 135 to I believe 165 months, and that was at the lower end of the applicable sentencing range based on the court's calculation. And therefore, I don't think that the court was imposing a sentence at the top end of the sentencing guideline range based upon his calculation. But if you look at the calculation of the government applying the safety valve, the lower end would be 108. Thank you.